FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 02, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE LUIS RAMIREZ SERRATO AND CYNTHIA HERNANDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>ANTONY J. BLINKEN, WENDY R. SHERMAN, RENA BITTER, RICHARD C. VISEK, PHILLIP SLATTERY, KEN SALAZAR, ERIC COHN, AND KENT MAY,<br><br>Defendants. | No. 2:23-CV-00177-MKD<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>**ECF Nos. 15, 26** |

Before the Court are Defendants' Motions to Dismiss. ECF Nos. 15, 26.[1]

Plaintiffs seek to compel action on Plaintiff Luis Ramirez Serrato's visa

application. ECF No. 22. The Court has reviewed the record and is fully

---

[1] Because Plaintiffs filed an amended complaint, ECF No. 22, Defendants' first

Motion to Dismiss, ECF No. 15, is denied as moot.

ORDER - 1

informed. For the reasons set forth below, the Court grants Defendants' Motion to Dismiss, ECF No. 26.

## BACKGROUND

The following facts are alleged in the First Amended Complaint, Plaintiffs' operative pleading. ECF No. 22.

Plaintiffs Cynthia Hernandez and Jose Luis Ramirez Serrato are spouses. *Id.* at 3. Plaintiff Hernandez is a United States citizen. *Id.* at 4 ¶ 3. Plaintiff Ramirez Serrato, a noncitizen, seeks an "immigrant visa based on his approved Petition for Alien Relatives [I-130], and an approved I-601A Provisional Unlawful Presence Waiver (I-601A)." *Id.* 4 ¶ 2.

On September 13, 2018, Plaintiff Hernandez, on behalf of Plaintiff Ramirez Serrato, submitted Plaintiff Ramirez Serrato's I-130 Petition to the United States Citizenship and Immigrations Services ("USCIS"). *Id*. at 4 ¶ 4. On May 6, 2019, USCIS approved Plaintiff Ramirez Serrato's I-130. *Id*. USCIS forwarded Plaintiff Ramirez Serrato's I-130 to the National Visa Center ("NVC") for the scheduling of his visa interview. *Id*. On March 15, 2021, Plaintiff Ramirez Serrato submitted his I-601 waiver to USCIS. *Id*. at 4 ¶ 5. On April 27, 2022, Plaintiff Ramirez Serrato submitted a DS-260, Online Immigrant Visa and Alien Registration Application. *Id*. at 4-5 ¶ 6. Plaintiff Ramirez Serrato's DS-260 notified the Consulate that he

ORDER - 2

requested the scheduling and adjudication of his DS-260 immigrant visa application. *Id.* at 5 ¶ 6.

On December 13, 2022, Plaintiff Ramirez Serrato received notice that USCIS approved his I-601 waiver. *Id*. at 5 ¶ 7. On March 1, 2023, Plaintiff Ramirez Serrato appeared for an immigrant visa interview at the Consulate in Mexico City. *Id*; *see* ECF No. 22-1 at 13. On March 15, 2023, Plaintiff Ramirez Serrato received notice that his visa was refused under Section 221g of the Immigration and Nationality Act ("INA"). ECF No. 22 at 5 ¶ 8. Plaintiff Ramirez Serrato's visa application was then placed "under administrative processing." *Id*.; ECF No. 22-1 at 15. The Consulate informed Plaintiff Ramirez Serrato that once processing was complete, Plaintiff Ramirez Serrato would receive written notification by mail or email. ECF No. 22 at 5 ¶ 8. As a result of administrative processing, Plaintiff Ramirez Serrato was required to complete a DS-5535 form (Supplemental Questions for Visa Applicants), which he filed approximately one week after the request. *Id*. at 5 ¶ 9.

At the time of the filing of the First Amended Complaint, it had "been over ten months, roughly three-hundred-and-thirty-six days" since Plaintiff Ramirez Serrato appeared for his interview at the Consulate. *Id*. at 5-6 ¶ 10. During this time, Plaintiff Ramirez Serrato had not received written notification by mail or

ORDER - 3

email from the Consulate indicating that a decision has been made on his case. *Id.* at 6 ¶ 10.

On January 31, 2024, Plaintiffs filed a First Amended Complaint, their operative pleading, seeking relief under the Administrative Procedures Act, the Mandamus Act, and the Fifth Amendment of the U.S. Constitution. ECF No. 22. On February 28, 2024, Defendants moved to dismiss, arguing that Plaintiffs failed to state a claim for which relief can be granted. ECF No. 26.

## LEGAL STANDARD

"To survive a [Fed. R. Civ. P. 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering a motion to dismiss for failure to state a claim, the Court must accept as true the well-pleaded factual allegations and any reasonable inference to be drawn from them, but legal conclusions are not entitled to the same assumption of truth. *Id.* A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Twombly*, 550 U.S. at 562. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

ORDER - 4

# DISCUSSION

Defendants contend that the Court should dismiss Plaintiffs' Complaint under Rule 12(b)(6) because it fails to state a claim for unreasonable delay, which, they argue, is dispositive of Plaintiffs' three claims. ECF No. 26 at 1.

**A. Administrative Procedure Act**

The Administrative Procedure Act (APA) governs the procedures of administrative law. *See* 5 U.S.C. §§ 500-596. The APA requires "within a reasonable time, each agency shall proceed to conclude a matter presented to it." *Id.* at § 555. The APA authorizes reviewing courts to "compel agency action unlawfully withheld or unreasonably delayed." *Id.* at § 706(1).

*1. Unlawfully Withheld*

"In the Ninth Circuit, an action is 'unlawfully withheld' if 'Congress has specifically provided a deadline for performance' and the agency has not met that deadline." *Alaska Indus. Dev. & Exp. Auth. v. Biden*, 685 F. Supp. 3d 813, 857 (D. Alaska 2023) (quoting *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1177 n.11 (9th Cir. 2002)).

Congress has provided a recommended processing time of immigration benefit applications of "not later than 180 days after the initial filing of the application[.]" 8 U.S.C. § 1571. However, this 180-day Congressional recommendation for the conclusion of immigration benefit applications is not a

ORDER - 5

requirement. *See Reyes v. Miller*, No. 23-CV-5121, 2024 WL 2947716, at *8 (E.D. Wash. June 11, 2024) (reaffirming that the language of 8 U.S.C. § 1571(b) "is treated as 'non-binding, legislative dicta.'") (quoting *Yang v. Cal. Dep't of Soc. Servs.*, 183 F.3d 953, 961-62 (9th Cir. 1999)). Absent a statutory deadline within which Defendants must act, the Court cannot conclude Defendants have "unlawfully withheld" action.

"When there is no set deadline by which an agency must act, a court evaluates whether the agency's delay is unreasonable by applying the six factors established by the D.C. Circuit in *Telecommunications Research & Action Center v. FCC* ["*TRAC*"] and adopted by the Ninth Circuit in *Independence Mining Co. v. Babbitt*[.]" *Alaska Indus. Dev. & Exp. Auth.*, 685 F. Supp. 3d at 857 (citing 750 F.2d 70 (D.C. Cir. 1984); 105 F.3d 502, 507 (9th Cir. 1997)).

*2. Unreasonably Delayed*

To succeed on an APA unreasonable delay claim, Plaintiffs must show that: (1) the agency has a nondiscretionary duty to act; and (2) the agency has unreasonably delayed in acting on that duty. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 62-64 (2004).

Defendants contend that Plaintiffs have failed to allege an unreasonable delay. ECF No. 26 at 7. While recognizing that Plaintiffs' application has been pending administrative processing for approximately eleven months as of February

ORDER - 6

28, 2024, Defendants nonetheless contend that this alleged delay falls well within the range of delay considered reasonable by courts in visa application cases. *Id.* at 13-14. Defendants further argue that Plaintiffs' claim for relief would force the State Department to prioritize Plaintiffs' application ahead of other similarly situated applicants. *Id.* at 15. Defendants maintain that granting the requested relief before administrative processing has concluded could undercut the agency's ability to truly vet individuals' admissibility to the United States. *Id.* at 16.

Plaintiffs counter that a court's "consideration of the *TRAC* factors at the motion-to-dismiss stage is premature," reasoning that "even if the TRAC factors are considered at this stage, the Plaintiffs have alleged sufficient facts in their Complaint to survive a motion to dismiss under Rule 12(b)(6)." ECF No. 27 at 9-10. While acknowledging the 180-day recommendation is not "mandatory," Plaintiffs argue "it suffices to tip the second TRAC factor to the Plaintiffs' favor." *Id.* at 11-12. Plaintiffs contend that they are "not asking for prioritization, but merely timely processing[.]" *Id.* at 14.

As noted above, the Ninth Circuit evaluates delay using the *TRAC* factors. *Indep. Mining Co.*, 105 F.3d at 507 (citing *Telecomm. Rsch. Action Ctr.*, 750 F.2d at 80). These factors are as follows:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"[;]
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to

ORDER - 7

        proceed in the enabling statute, that statutory scheme may supply content for this rule of reason[;]
        (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake[;]
        (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;]
        (5) the court should also take into account the nature and extent of the interests prejudiced by the delay[;] and
        (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Id.*

While courts evaluate the *TRAC* factors with caution at the motion to dismiss stage, *see, e.g.*, *Sarlak v. Pompeo*, No. 20-35, 2020 WL 3082018, at *5 (D.D.C. June 10, 2020) (citing *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003)), courts have utilized the *TRAC* factors at the motion to dismiss stage in cases, as here, involving allegations of unreasonably delayed waiver determinations. *See id.* (collecting cases). In these cases, the *TRAC* factors are used to determine whether a "complaint has alleged facts sufficient to state a plausible claim for unreasonable administrative delay." *Ghadami v. Dep't of Homeland Sec.*, No. 19-CV-397, 2020 WL 1308376, at *7 n. 6 (D.D.C. Mar. 19, 2020). In alignment with these other courts, the Court utilizes the *TRAC* factors to analyze Plaintiffs' claim of unreasonable agency delay.

        i.    The First Factor

ORDER - 8

"[T]he time agencies take to make decisions must be governed by a 'rule of reason.'" *Indep. Mining Co.*, 105 F.3d at 507 (quoting *Telecomm. Rsch. Action Ctr.*, 750 F.2d at 80). While this first factor is the most important factor, it is not, by itself, determinative. *A Cmty. Voice v. EPA*, 878 F.3d 779, 786 (9th Cir. 2017).

As of the filing of Plaintiffs' First Amended Complaint, 336 days had passed since March 1, 2023 – the date both parties utilize as the starting point in their unreasonable delay analyses. Defendants concede Plaintiff Ramirez Serrato's application has been pending administrative processing for approximately eleven months. ECF No. 26 at 11.

"Repeatedly, courts in this and other circuits have concluded that 'a reasonable time for agency action is typically counted in weeks or months, not years.'" *Vaz v. Neal*, 33 F.4th 1131, 1138 (9th Cir. 2022) (quoting *In re Nat. Res. Def. Council, Inc.*, 956 F.3d 1134, 1139 (9th Cir. 2020)). However, district courts in the Ninth Circuit have found that lengthier delays were not "unreasonable." *Kapoor v. Blinken*, No. 21-CV-1961, 2022 WL 181217, at *4 (N.D. Cal. Jan. 20, 2022) (citing cases with delays ranging from three to five years, all of which were considered not to be unreasonable); *see, e.g.*, *Yavari v. Pompeo*, No. 19-CV-2524, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019) ("District courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable."); *Islam v.*

ORDER - 9

*Heinauer*, 32 F. Supp. 3d 1063, 1071 (N.D. Cal. 2014) ("In this district, courts have generally found delays of four years or less not to be unreasonable."). As the court explained in *Yavari*, "slightly more than a year is drastically short of what constitutes an unreasonable delay." 2019 WL 6720995, at *8. Rather, "only very substantially longer delay could constitute sufficient factual allegations to implicate § 706(1)'s unreasonable delay or § 555(b)'s reasonable time," and "only the passage of a substantial[ly] longer period of time can cure this issue as a matter of law." *Id.*

The time Plaintiff Ramirez Serrato's application has been pending administrative processing thus falls short of what is generally accepted as a "unreasonable delay." On this record, the first–and most important–*TRAC* factor strongly weighs in Defendants' favor.

      ii.    The Second Factor

The second factor considers whether "Congress has provided a timetable." *Indep. Mining Co.*, 105 F.3d at 507 (citing *Telecomm. Rsch. Action Ctr.*, 750 F.2d at 80). As noted above, the 180-day Congressional recommendation for the completion of agency action is not a mandatory time requirementPlaintiffs suggest no timetable other than this Congressional recommendation. *E.g.*, ECF No. 22 at 7 ¶ 15. This factor therefore weighs in Defendants' favor.

      iii.    The Third and Fifth Factors

ORDER - 10

As to the third and fifth factors–human health and welfare at stake and the extent of interests prejudiced by the delay–Plaintiffs allege "[Defendant's delays] have caused, and are causing, Plaintiffs ongoing and substantial injuries personally and emotionally due to the family separation and the cost of maintaining households in the U.S. and Mexico."  ECF No. 22 at 21 ¶ 71; *see Indep. Mining Co.*, 105 F.3d at 507 n.7 (quoting *Telecomm. Rsch. Action Ctr.*, 750 F.2d at 80).  However, "such hardships are common burdens shared by those waiting for action on I-601 applications and other immigration applications." *Reyes*, 2024 WL 2947716, at *8.  As in *Reyes*, "Plaintiffs have not alleged facts that show that their emotional distress and financial concerns are of such severity that they state a claim for plausible relief[.]"  *Id.*  These factors weigh in Defendants' favor.

### iv.   The Fourth and Sixth Factors

As to the fourth and sixth factors–the agency's completing priorities and impropriety–Plaintiffs have neither demonstrated that an expediting of the action is necessary on account of a higher or competing priority nor have they alleged bad faith by Defendants.  *See Indep. Mining Co.*, 105 F.3d at 507 n.7 (quoting *Telecomm. Rsch. Action Ctr.*, 750 F.2d at 80).  These factors weigh in favor of Defendants.

Accordingly, having weighed the *TRAC* factors and accepting as true Plaintiffs' well-pleaded factual allegations, the Court concludes Plaintiffs have not

ORDER - 11

stated an APA claim for unreasonable delay that is plausible on its face. Plaintiffs' APA claim is accordingly dismissed.

**B. Mandamus**

"Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997) (citing *Azurin v. Von Raab*, 803 F.2d 993, 995 (9th Cir. 1986)). "The party seeking mandamus has the burden of showing that its right to issuance of the writ is clear and indisputable." *Am. Hosp. Ass'n*, 812 F.3d 183, 189 (D.C. Cir. 2016) (citing *Power*, 292 F.3d 781, 784 (D.C. Cir. 2002)). "[M]andamus is a 'drastic and extraordinary' remedy "reserved for really extraordinary causes." *Van Dusen v. United States Dist. Court for the Dist. of Ariz.*, 654 F.3d 838, 840 (9th Cir. 2011) (citing *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947)).

The Ninth Circuit has recognized that relief sought under the Mandamus Act and under the APA is "essentially the same." *Indep. Mining Co.*, 105 F.3d at 507. Thus, "when a complaint seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA, [the Court] may elect to analyze the APA claim only." *Vaz*, 33 F.4th at 1135. "If Plaintiffs' APA claim fails, their

ORDER - 12

claim under the Mandamus Act fails as well." *Infracost Inc. v. Blinken*, --- F.Supp.3d. ----, No. 23-CV-2226, 2024 WL 1914368, at *5 (S.D. Cal. Apr. 30, 2024) (citing *Vaz*, 33 F.4th at 1138-39).

Because Plaintiffs seek relief under the APA and the Mandamus Act, the Court need not separately analyze Plaintiffs' Mandamus Act claim. *See, e.g.*, *Shahijani v. Laitinen*, No. 2:23-CV-03967, 2023 WL 6889774, at *2 (C.D. Cal. Oct. 6, 2023) ("Where, as here, a plaintiff seeks identical relief under the APA and the Mandamus Act, courts routinely elect to analyze both claims under the APA only."). Further, because Plaintiffs failed to plead a valid APA claim, as discussed above, the Court necessarily dismisses Plaintiffs' Mandamus Act claim.

**C. Due Process**

Plaintiffs contend they have a protected liberty interest in the decision of Plaintiff Ramirez Serrato's visa application and Defendants are "infringing upon Plaintiffs' substantive due process by invading upon their fundamental liberty interest." ECF No. 22 at 24 ¶ 83, 25 ¶ 88. Plaintiffs specify the alleged infringed right as their right to freely exercise in the matter of family life. *Id.*.

Plaintiffs' Due Process claim, however, is foreclosed by the Supreme Court's recent decision in *Department of State v. Muñoz*, 144 S. Ct. 1812 (2024). The Court held that "a citizen does not have a fundamental liberty interest in her noncitizen spouse being admitted to the country." *Id*. at 1821. Consistent with this

ORDER - 13

precedent–which reversed a decision of the Ninth Circuit on which Plaintiffs rely, *see* ECF No. 27 at 17 (citing *Munoz v. Dep't of State*, 50 F.4th 906, 915 (9th Cir. 2002))–the Court concludes Plaintiffs have failed to plausibly allege a violation of a fundamental liberty interest.  The Court accordingly dismisses Plaintiffs' Due Process claim.

## CONCLUSION

For the reasons explained above, the Court grants Defendants' Motion to Dismiss, ECF No. 26.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss, **ECF No. 15**, is **DENIED** as moot.

2. Defendants' Motion to Dismiss, **ECF No. 26**, is **GRANTED**.

3. Plaintiffs' First Amended Complaint, **ECF No. 22**, is **DISMISSED** without prejudice.

The District Court Executive is directed to file this Order, enter judgment for Defendants, provide copies to counsel, and **CLOSE THE FILE**.

DATED August 2, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 14